**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 18 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Charlotte Painter                                                    Plaintiff

v.                              Case No. _4:17-cv- 527 - JM_

Midland Funding LLC
Midland Credit Management, Inc.
Lloyd & McDaniel, PLC                                          Defendants

This case assigned to District Judge _Moody_
**Complaint** and to Magistrate Judge _Volpe_

1.    Defendants sued Plaintiff Charlotte Painter on a consumer debt

that was barred by the statute of limitations.

## Jurisdiction

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. §

1367, and 15 U.S.C. § 1692k(d).

3.    This action arises out of Defendants' violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the

Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et*

*seq.* ("AFDCPA"), in their illegal efforts to collect a stale consumer debt from

Charlotte Painter.

4.    Venue is proper in this District because the acts and transactions

occurred here, Plaintiff resides here, and Defendants transact business here.

5.    Defendants have transacted business within Arkansas by

attempting to collect a debt from Charlotte Painter using litigation, while

she was located within and permanently residing in Arkansas.

## Parties

### *Charlotte Painter*

6.    Plaintiff Charlotte Painter is a natural person who currently and permanently resides in Conway, Faulkner County, Arkansas.

7.    Charlotte Painter is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

### *Midland Funding LLC*

8.    Defendant Midland Funding LLC (Midland Funding) is a foreign limited liability company and operating from 2365 Northside Drive, Suite 300, San Diego, California 92108.

### *Midland Funding is a debt collector*

9.    Midland Funding is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

10.   The term "debt collector" has two prongs:

   a.    any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

   b.    any person who regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

11.   Midland Funding is a "debt collector" because it uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

*Midland Funding is a collection agency*

12.   Midland Funding is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

13.   The term "collection agency" has three prongs:

   a.   any person, partnership, corporation, association, limited liability corporation, of firm which engages in the collection of delinquent accounts, bills, or other forms of indebtedness owed or due to be owed or due to another; or

   b.   any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection; or

   c.   any person partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills. Ark. Code Ann. § 17-24-501.

14.   Midland Funding's license with the Arkansas State Board of Collections means that it meets at least one of the three prongs of the term "collection agency."

*Midland Credit Management, Inc.*

15.    Midland Credit Management, Inc., (Midland Credit Management) is a foreign for profit corporation operating from 2365 Northside Drive, Suite 300, San Diego, California 92108.

*Midland Credit Management is a debt collector*

16.    Midland Credit Management is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

17.    The term "debt collector" has two prongs:

  a.    any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

  b.    any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

18.    Midland Credit Management uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

19.    Midland Credit Management regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed Midland Funding.

*Midland Credit Management is a collection agency*

20.    Midland Credit Management is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

21.    The term "collection agency" has three prongs:

    a.    any person, partnership, corporation, association, limited liability corporation, of firm which engages in the collection of delinquent accounts, bills, or other forms of indebtedness owed or due to be owed or due to another; or

    b.    any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection; or

    c.    any person partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills. Ark. Code Ann. § 17-24-501.

22.    Midland Credit Management's license with the Arkansas State Board of Collections means that it meets at least one of the three prongs of the term "collection agency."

### *Lloyd & McDaniel, PLC*

23.    Lloyd & McDaniel, PLC (Lloyd & McDaniel) is a foreign limited liability company operating from 11405 Park Road, Suite 200, Louisville, Kentucky 40223.

24.   Lloyd & McDaniel is a law firm.

25.   The FDCPA and the AFDCPA applies "to lawyers engaged in litigation[.]"[1]

*Lloyd & McDaniel is a debt collector*

26.   Lloyd & McDaniel is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

27.   The term "debt collector" has two prongs:

   a.   any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

   b.   any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

28.   Lloyd & McDaniel uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

29.   Lloyd & McDaniel regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed to another.

---

[1] *See Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

*Lloyd & McDaniel is a collection agency*

30.   Lloyd & McDaniel is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

31.   The term "collection agency" has three prongs:

    a.   any person, partnership, corporation, association, limited liability corporation, of firm which engages in the collection of delinquent accounts, bills, or other forms of indebtedness owed or due to be owed or due to another; or

    b.   any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection; or

    c.   any person, partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills. Ark. Code Ann. § 17-24-501.

32.   Lloyd & McDaniel's license with the Arkansas State Board of Collections means that it meets at least one of the three prongs of the term "collection agency."

## Factual Allegations

33.   Within one year immediately preceding the filing of this pleading, Defendants attempted to collect from Charlotte Painter a financial obligation that was primarily for personal, family or household purposes,

and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(5)(A).

34. The last purchase Charlotte Painter made on the Barclays Bank Delaware credit card was in 2009.

35. Charlotte Painter defaulted on a Barclays Bank Delaware credit card.

36. Barclays Bank Delaware closed Charlotte Painter's account in January 2011.

37. In June 2015, Midland Funding purchased Charlotte Painter's defaulted credit card account from Barclays Bank Delaware.

38. Upon information and belief, at the time Midland Funding purchased the Barclays Bank Delaware account or shortly thereafter, Midland Funding and Midland Credit Management flagged the account as being past the statute of limitations for a debt collection lawsuit to be filed against Charlotte Painter.

39. Midland Funding also began reporting to credit reporting agencies Equifax, Experian, and Trans Union that Charlotte Painter owed Midland Funding for the Barclays Bank Delaware account.

40. Charlotte Painter discovered Midland Funding was reporting to the credit reporting agencies that she owed Midland Funding for the Barclays Bank Delaware account.

41. Charlotte Painter disputed the Midland Funding account to Equifax, Experian, and Trans Union.

42.   Even though Midland Funding and Midland Credit Management had flagged the account as being past the statute of limitations to file a lawsuit against Charlotte Painter, they retained Lloyd & McDaniel to file a lawsuit against her.

43.   On November 23, 2016, Midland Funding commenced a civil action against Charlotte Painter by filing a debt collection complaint in the Circuit Court of Faulkner County, Arkansas.

44.   The debt collection complaint was signed by W. Anderson Woodford, an attorney licensed to practice in Arkansas and employed by Lloyd & McDaniel.

45.   Attached to the debt collection complaint was an Affidavit of Shelby Groskreutz, who is employed by Midland Credit Management and was authorized to make the affidavit on behalf of Midland Funding.

46.   That Affidavit of Shelby Groskreutz was dated September 14, 2016.

47.   Charlotte Painter was served with the debt collection complaint and summons at her home on December 13, 2016.

48.   The summons called Charlotte Painter to file with the clerk of the court a written answer to the complaint within 30 days and to mail the answer to Lloyd & McDaniel.

49.   On December 16, 2016, Midland Credit Management prepared a letter (the Letter) to Charlotte Painter.

50.   The Letter referenced Midland Funding as the current owner of the account and Barclays Bank Delaware as the original creditor.

51.   The Letter requested Charlotte Painter provide Midland Funding and Midland Credit Management a written explanation and documentation demonstrating any errors in Midland Funding's and Midland Credit Management's account information.

52.   The letter also stated as follows: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."

53.   The letter was signed by Tim Bolin, Division Manager.

54.   Charlotte Painter received the Letter in the mail shortly after December 16, 2016, but before her answer to the debt collection complaint was due.

55.   Charlotte Painter was confused why the Letter stated that she would not be sued when she had already been sued and served with a debt collection complaint and summons.

56.   Charlotte Painter was emotionally distressed as she was worried and stressed over a judgment being entered against her, even though Midland Funding and Midland Credit Management stated in the Letter to her that they would not sue her because the statute of limitations had already passed.

57. Charlotte Painter retained counsel to defend her in the debt collection case and filed an answer asserting the statute of limitations as an affirmative defense.

58. Charlotte Painter became obligated to pay and did pay attorney's fees to defend the debt collection case.

59. Charlotte Painter filed a motion for summary judgment and brief in support based on the admission in the Letter and business records that the debt collection lawsuit was barred by the statute of limitations.

60. The circuit court granted Charlotte Painter's motion for summary judgment, dismissed the debt collection case with prejudice, and entered judgment in favor of Charlotte Painter.

61. The ruling encompassed all the issues presented to the circuit court by Charlotte Painter's motion for summary judgment and brief in support.[2]

62. Defendants' attempts to collect this debt that was beyond the statute of limitations from Charlotte Painter were false and deceptive attempts to collect a debt in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f and 1692f(1), amongst others,[3] and the AFDCPA, Ark. Code Ann. §§ 17-24-505(a), 17-24-506(a), 17-24-

---

[2] *See Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 6, 437 S.W.3d 119, 123-24 (2014).

[3] *See Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001) (the attempt to collect a time-barred consumer debt through litigation is a violation of the FDCPA).

506(b)(2), 17-24-506(b)(4), 17-24-506(b)(5), 17-24-506(b)(7), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b).

63.   Midland Funding's and Midland Credit Management's statement to Charlotte Painter in the Letter that they would not sue Charlotte Painter on the debt, after the debt collection complaint had already been filed and served on Charlotte Painter was a false and deceptive attempt to collect a debt in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f, and the AFDCPA, Ark. Code Ann. §§ 17-24-506(a), 17-24-506(b)(2)(A), 17-24-506(b)(10), and 17-24-507.

64.   All of the communications as alleged herein by these Defendants and the employees and agents of Midland Funding, Midland Credit Management, and Lloyd & McDaniel, respectively, constitute false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

### *Summary*

65.   Defendants' false representation that Charlotte Painter still legally owed this debt, when in fact it was beyond the applicable statute of limitations, was an unfair and deceptive attempt to collect this debt, which materially mislead Charlotte Painter as to her rights under the FDCPA and

the AFDCPA, and which affected and frustrated Charlotte Painter's ability to intelligently respond to Defendants' collection efforts.

66.   Midland Funding's and Midland Credit Management's statement to Charlotte Painter in the Letter that they would not sue Charlotte Painter on the debt, after the debt collection complaint had already been filed and served on Charlotte Painter was an unfair and deceptive attempt to collect this debt, which materially mislead Charlotte Painter as to her rights under the FDCPA and the AFDCPA, and which affected and frustrated Charlotte Painter's ability to intelligently respond to Defendants' collection efforts.

67.   All of the communications as alleged herein by these Defendants and the employees and agents of Midland Funding, Midland Credit Management, and Lloyd & McDaniel, respectively, constitute false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

*Respondeat Superior Liability*

68.   The acts and omissions of these individuals, and the other debt collectors employed as agents by Midland Funding, Midland Credit Management, and Lloyd & McDaniel, respectively, who communicated with Charlotte Painter and others as more further described herein, were committed with the time and space limits of their agency relationship with

13

their principals, Midland Funding, Midland Credit Management, and Lloyd & McDaniel, respectively.

69.    The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Midland Funding, Midland Credit Management, and Lloyd & McDaniel, respectively, in collecting consumer debts.

70.    By committing these acts and omissions against Charlotte Painter, these individuals and these other debt collectors were motivated to benefit their principals, Midland Funding, Midland Credit Management, and Lloyd & McDaniel, respectively.

71.    Defendants Midland Funding, Midland Credit Management, and Lloyd & McDaniel, are therefore liable to Charlotte Painter.

**Standing**

72.    Charlotte Painter has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described herein, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court. Charlotte Painter's injury in fact is both particular and concrete because she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent. Many provisions of the FDCPA, the AFDCPA, and Arkansas's common law recognize a

consumer's rights to seek redress for violations of those rights, including the right to be left alone from debt collection efforts taking place past the statute of limitations on the debt· and debt collection efforts using false statements in order to collect a debt.

## Causes of Action

### *Count I – Violations of the FDCPA, 15 U.S.C. 1692, et seq.*

73.    Charlotte Painter incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74.    The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq*, with respect to Charlotte Painter.

75.    As a result of Defendants' violations of the FDCPA, Charlotte Painter is entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 from each defendant under 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Defendants herein.

---

· *See Nyberg v. Portfolio Recovery Assocs., LLC*, 2016 WL 3176585, *7 (D. Or., June 2, 2016) (striking defendant's lack of standing affirmative defense when plaintiff alleged FDCPA violations for debt collector filing debt collection lawsuit on time-barred debt).

*Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

76.   Charlotte Painter incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77.   The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the AFDCPA, Ark. Code Ann. 17-24-501, *et seq.*, with respect to Charlotte Painter.

78.   As a result of Defendants' violations of the AFDCPA, Charlotte Painter is entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages in an amount up to $1,000.00 from each defendant under Ark. Code Ann. § 17-24-512(a)(2)(A); and, reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Defendants herein.

**Jury Demand**

79.   Charlotte Painter demands a trial by jury.[5]

**Prayer for Relief**

80.   Plaintiff Charlotte Painter prays a judgment be entered against Defendants as follows:

> a.   for an award of actual damages under 15 U.S.C. § 1692k(a)(1), and Ark. Code Ann. § 17-24-512(a)(1), against Defendants and for Plaintiffs;

---

[5] U.S. Const. amend. 7. and Fed. R. Civ. P. 38.

b.    for an award of statutory damages of $1,000.00 under to 15 U.S.C. § 1692k(a)(2)(A), against each defendant and for Plaintiff;

c.    for an award of statutory damages of $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A), against each defendant and for Plaintiff;

d.    for an award of costs of litigation and a reasonable attorneys' fees under 15 U.S.C. 1692k(a)(3), and Ark. Code Ann. § 17-24-512(a)(3)(A) against Defendants and for Plaintiff; and

e.    for such other and further relief as may be just and proper.

Respectfully submitted,

By: _____

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar. No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

# Verification

State of Arkansas          )
County of Pulaski          )

   Under 28 U.S.C. § 1746, Plaintiff Charlotte Painter, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

   1.   I am the Plaintiff in this civil action.
   2.   I have read the foregoing Complaint prepared by my attorneys.
   3.   I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.
   4.   I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
   5.   I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.
   6.   I have filed this Complaint in good faith and solely for the purposes set forth in it.

   I declare under penalty of perjury that the foregoing is true and correct.

This 17ᵗʰ day of August, 2017.

_Charlotte Painter_
Charlotte Painter